ALD-289                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2005
_____

CALIPH ALJA-IZ,
                                           Appellant
v.

UNITED STATES VIRGIN ISLANDS DEPARTMENT OF EDUCATION

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 3-14-cv-00042)
District Judge:  Honorable Curtis V. Gómez

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, Dismissal Pursuant to 28
U.S.C. § 1915(e)(2)(B), or Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6
August 6, 2015
Before: CHAGARES SCIRCA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: August 28, 2015)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Caliph Alja-Iz ("Alja-Iz") brought an employment-discrimination

suit against the Virgin Islands Department of Education ("the Department").  He now

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appeals the District Court's order dismissing his complaint for failure to state a claim. Because that appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Alja-Iz filed a complaint alleging that the Department failed to hire him for a teaching position in violation of several federal statutes: (1) the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. § 12112; (2) the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; (3) the Equal Pay Act (EPA), 29 U.S.C. § 206; (4) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and (5) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. The Department moved to dismiss the complaint for failure to state a claim upon which relief could be granted, and the District Court granted that motion. In its order dismissing the complaint, the District Court gave Alja-Iz 15 days to file an amended complaint. Instead of amending his complaint, Alja-Iz appealed the dismissal.

## II.

First, we must consider our jurisdiction to hear the appeal because Alja-Iz's decision to appeal from a dismissal that gave him leave to amend his complaint presents a potential jurisdictional issue. With some exceptions, we have jurisdiction over appeals only from final decisions of the district courts. See 28 U.S.C. § 1291. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of

2

action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 952. Although there is no "clear rule for determining when a party has elected to stand on his or her complaint," Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009), we have exercised jurisdiction when a plaintiff fails to amend within the time provided by the District Court, see Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

Here, we will infer Alja-Iz's intention to stand on his complaint. The District Court dismissed Alja-Iz's complaint and granted Alja-Iz 15 days to amend it. Instead of filing an amended complaint, Alja-Iz filed a notice of appeal 21 days later. As a result, the District Court's order is a final, appealable order. See id.

### III.

Turning to the merits, we discern no error in the District Court's decision to dismiss Alja-Iz's complaint because the complaint lacked sufficient factual material to state a discrimination claim based on the Department's alleged failure to hire Alja-Iz for the position he sought.

Our review of the District Court's dismissal order is plenary. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court

3

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting and citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).  We may summarily affirm a District Court's order if there is no substantial question presented in the appeal, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6, and we may rely on any grounds supported by the record, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Although a pro se plaintiff like Alja-Iz is given some leeway in meeting the Federal Rules' pleading requirements, see Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), even under that relaxed standard, there is no substantial question that the complaint failed to state a claim, see Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (holding that a pro se complaint must still meet Twombly and Iqbal's plausibility standard).

To establish a prima facie case for relief in an employment-discrimination case alleging a failure to hire, an applicant must establish that: (1) he belongs to the protected category; (2) he applied for and was qualified for a position for which the covered employer was seeking applicants; (3) despite his qualifications, he was not hired; and (4) after his rejection, the position remained open, or was filled in a manner giving rise to an inference of discrimination.  See Smith v. City of Allentown, 589 F.3d 684, 689-90 (3d Cir. 2009) (age discrimination under the ADEA); Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam) (race, color, religion, sex, or national origin discrimination under Title VII); Olson v. General Elec. Astrospace, 101 F.3d 947,

4

951 (3d Cir. 1996) (disability discrimination under the ADA); cf. also Rashdan v. Geissberger, 764 F.3d 1179, 1182 (9th Cir. 2014) (adopting Title VII scheme of proof for Title VI disparate-treatment claims and recognizing that the Third Circuit has used that scheme of proof in Title VI cases) (citing Gazarov ex rel. Gazarov v. Diocese of Erie, 80 F. App'x 202, 203-05 (3d Cir. 2003) (nonprecedential)).  The plaintiff need not establish the elements of a prima facie case in his complaint, "but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations marks omitted).

Here, Alja-Iz's complaint at least pleaded the legal conclusion that he was not hired because of his alleged disability and age.[1]  But beyond that legal conclusion, Alja-Iz did not plead any facts concerning whether the position (if there even was one) remained open or was filled in a manner giving rise to an inference of discrimination.  See Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 939-40 (3d Cir. 1997) (discussing the kinds of facts relevant to the final element of a prima facie case of discrimination); cf. also Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 275 (3d Cir. 2010) (holding that to make out a prima facie case of discrimination, facts are needed to show "a causal nexus between the harm suffered and the plaintiff's membership in a protected class, from which a reasonable juror could infer, in light of common experience, that the

---

[1] That is, Alja-Iz failed to mention discrimination on the basis of race or sex in even a conclusory way, and he instead merely cited to statutes that bar discrimination on

5

defendant acted with discriminatory intent"). Alja-Iz's complaint asserted only the facts that he applied, that he was qualified, that he received "negative" email responses, and that he was told he would not be hired. As a result, Alja-Iz's allegations did not raise a reasonable expectation that discovery would show that the Department did not hire him based on improper consideration of any protected characteristic. See Fowler, 578 F.3d at 213.

Alja-Iz's retaliation claim fares no better. To advance a prima facie case of retaliation a plaintiff must show that: (1) he engaged in a protected activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. See Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 286 (3d Cir. 2001). Here, Alja-Iz pleaded himself out of court, as his complaint alleged that the Department made its hiring decision before he purportedly engaged in the protected activity of filing a complaint. See Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 516 (3d Cir. 2004) (observing that it is not possible to meet the retaliation standard when the adverse action precedes the protected activity).

Finally, Alja-Iz's claim under the Equal Pay Act also fails. The Equal Pay Act applies to sex-distinction-based pay-discrimination claims for employees; here, Alja-Iz's allegation was that he was not hired for the position he sought, not that he was an

those bases.

employee who was paid less for equal work than employees of the opposite sex were paid. See generally Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (discussing proof of Equal Pay Act claims).

Perhaps Alja-Iz could have corrected these pleading deficiencies in an amended complaint, but after the District Court granted him leave to amend his complaint, he declined to do so and instead stood on his complaint as it was initially written. Because his complaint pleaded no viable claim, this appeal presents us with no substantial question. We will therefore affirm the District Court's order dismissing Alja-Iz's complaint.